IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACKERMAN MCQUEEN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GRANT STINCHFIELD, | § | CIVIL ACTION NO. 3:19-CV-03016-X |
| | § | |
| Defendant. | § | |

JOINT REPORT REGARDING RULE 26(F)
CONFERENCE AND PROPOSED DISCOVERY PLAN

Plaintiff, Ackerman McQueen, Inc. ("Plaintiff"), and Defendant, Grant Stinchfield ("Defendant"), file this report regarding their Fed. R. Civ. P. 26(f) conference and proposed discovery plan.

The attorneys of record for the parties conferred on January 10, 2020. The attorneys considered the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case, made arrangements for the disclosures required by Rule 26(a)(1), discussed issues about preserving discoverable information, and developed a proposed discovery plan. The parties' views and proposals are as follows:

A.   Changes in the timing, form, or requirements for disclosures under Rule 26(a).

The parties will exchange initial disclosures under Rule 26(a)(1) on or before January 31, 2019 (i.e., within 21 days after their Rule 26(f) conference).

B.  **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused upon particular issues.**

Although it is difficult to provide a fully comprehensive list of the subjects for discovery at this early stage, the subjects of Plaintiff's initial written discovery requests will include communications concerning the content of Defendant's affidavit that forms the basis of this action, drafts and prior versions of the affidavit, the factual bases for certain statements in the affidavit, and information relied upon by Defendant in preparing and signing the affidavit.  The subjects of Defendants' initial written discovery requests will include matters which affect the reputation of Plaintiff, its alleged loss of business, its efforts at philanthropy (if any), its treatment of its employees, its treatment of its former employees, its standing with its former clients, the opinions of its competitors, and its relationship with it's current clients. As such, Defendant will seek, inter Alia, communications concerning complaints between Plaintiff and former clients, customers, employees, former employees and vendors; communications concerning NRA TV viewership analytics; presentations concerning NRA TV viewership; and information relied upon by Plaintiff in alleging Defendant's affidavit was defamatory.

The parties believe that discovery can be completed by September 30, 2020, and that it is not necessary for discovery to be conducted in phases or limited to or focused upon particular issues.

C.  **Any issues about the disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any significant issues arising with respect to the disclosure, discovery, or preservation of electronically stored information ("ESI").  Litigation holds have

been put in place.  The parties will make productions in native format.  The parties agree to meet and confer in the event that another production format is necessary. The parties do not believe an ESI protocol is required in this matter given the amount of documents the parties currently believe will be requested and exchanged.

D.  **Any issues about claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether they will be asking the Court to include their agreement in an order.**

The parties anticipate that some documents responsive to discovery requests will contain information that is covered by the attorney-client privilege and/or work product doctrine that will need to be redacted.  The parties will promptly exchange privilege logs. In the event there is an issue with regard to redacted information, the parties will meet and confer and then proceed in accordance with the Federal Rules of Civil Procedure.

E.  **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed.**

The parties do not believe that the written report contemplated by Fed. R. Civ. P. 26(a)(2) should be required in this action; provided, however, that all other requirements of Rule 26(a) should apply with respect to the disclosure of expert testimony.

F.  **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c):**

None at this time.  Plaintiff believes that a protective order may be necessary with respect to the confidentiality of a limited class of documents.  Defendant has indicated that it will likely oppose such an order.

January 21, 2020

Respectfully submitted,

*/s/ Brian Vanderwoude*
**Jay J. Madrid, Esq.**
Texas Bar No. 12802000
madrid.jay@dorsey.com
**G. Michael Gruber, Esq.**
Texas Bar No. 08555400
gruber.mike@dorsey.com
**J. Brian Vanderwoude, Esq.**
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**Brian E. Mason, Esq.**
Texas Bar No. 24079906
mason.brian@dorsey.com

**DORSEY & WHITNEY LLP**
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR PLAINTIFF ACKERMAN MCQUEEN, INC.**

and

Respectfully submitted,

**BREWER STOREFRONT, PLLC**

/s/ *Ian Shaw*
Ian Shaw
State Bar No.24117041
ins@brewerattorneys.com
1717 Main Street, Suite 5900
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

**COUNSEL FOR DEFENDANT GRANT STINCHFIELD**