UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACKERMAN MCQUEEN, Inc., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-03016-X |
| | § | |
| GRANT STINCHFIELD, | § | |
| | § | |
| *Defendant*. | § | |

## SCHEDULING ORDER

The Court has considered the Parties' *Joint Report Regarding Rule 26(f) Conference and Proposed Discovery Plan* [Doc. No. 8], and it sets the following schedule for this case's disposition.[1]

1. The jury trial is scheduled on this Court's two-week docket beginning May 17, 2021 at 10:00 AM.

2. A Pretrial Conference is scheduled for May 10, 2021 at 10:00 AM.

3. Motions for leave to join other parties shall be filed by May 7, 2020.

4. Motions for leave to amend pleadings shall be filed by May 7, 2020.

5. Counsel, if they have not done so already, shall comply with Fed. R. Civ. P. 26(a)(1) by May 14, 2020.

6. Counsel shall confer and file a joint report informing the Court of their choice of a mediator or their inability to agree upon a mediator by June 1, 2020. At that time, the Court will issue a mediation order, discussing the guidelines and requirements of the mediation. The parties shall mediate their case by October 27, 2020.

7. The party with the burden of proof on a claim shall file a designation of expert witnesses and comply with Fed. R. Civ. P. 26(a)(2) by July 15, 2020. This party

---

[1] Unless the Court orders otherwise, the Parties must observe the Federal Rules of Civil Procedure and the local rules of this Court.

is not required to file a written report as contemplated by Fed. R. Civ. P. 26(a)(2)(B).

8. Rebuttal designation of expert witnesses and compliance with Fed. R. Civ. P. 26(a)(2) shall be made by August 14, 2020. This party is not required to file a written report as contemplated by Fed. R. Civ. P. 26(a)(2)(B).

9. All discovery procedures shall be initiated in time to complete discovery by October 13, 2020.[2]

10. The Court generally discourages requests for filing motions and exhibits under seal. The parties may agree between themselves to designate documents "confidential" during discovery. The typical standard there involves the parties assessing whether they want that material in the public domain. But filing that material with the Court under seal is a different matter altogether. Court proceedings are, by and large, public matters (and rightfully so given that tax dollars fund the courts and we have this wonderful protection called the First Amendment).[3]

A party seeking to file a specific document under seal must move for leave to do so and: (1) brief the legal authorities indicating the risks of disclosure outweigh the public's right to know, and (2) explain that no other viable alternative to sealing exists.[4] Further, all facts recited in any such motion

---

[2] The parties generally may agree to extend this discovery deadline, provided that the extension does not affect any subsequent deadlines and the parties notify the Court in writing. The Court retains the right to reject an agreed extension.

[3] *See United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008)); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1998))). *See also Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (the First Amendment and the common law limit the court's discretion to seal records).

[4] *See Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing."). The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal." *Id.*; *see, e.g.*, *Claimant ID 100236236 v. BP Exploration & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No.16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed redacted briefs and record excerpts on the public docket). Also, the parties should note that a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business

must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny.[5]

The Court recognizes that typically the party seeking to seal documents may not possess personal knowledge of the facts to be included in a motion for leave to file under seal.  In these instances, the parties should either prepare joint motions for leave to file documents under seal (and the party with personal knowledge verifies the facts in the section on justification) or the parties should make separate filings.

11. Counsel shall confer and file a joint report setting forth the status of settlement negotiations by November 3, 2020.

12. All motions for summary judgment shall be filed by November 10, 2020.[6]

13. All challenges to experts—including motions to strike or exclude expert witnesses—shall be filed by November 10, 2020.

14. Counsel shall file by May 3, 2021 a Joint Pretrial Order containing the information required by Local Rule 16.4 plus the following:

    a. A list of witnesses who may be called by each party in its case in chief. Each such witness list shall contain a narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "probable," "possible," "expert," or "record custodian."  A copy of this list must be furnished to the court reporter prior to trial;
    b. Each party's requested jury instructions and interrogatories (annotated with citations to pattern jury charges or caselaw);
    c. The status of settlement negotiations as of the date of the Pretrial Order;
    d. Each party's proposed *voir dire* questions if the matter is a jury trial. The Court will allow attorneys an allotted time to conduct questioning at *voir dire* so long as the questions are approved in advance by the Court.  The Court reserves the right to conduct further questioning at

---

is not sufficient to overcome the strong common law presumption in favor of public access. *Brown*, 710 F.2d at 1179.

[5] *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

[6] Counsel should review carefully Local Rule 56.2(b), which limits to one the number of summary judgment motions that a party may file "[u]nless otherwise directed by the presiding judge, or permitted by law."

       the conclusion of attorney questioning; and

   e. Trial briefs may be filed with the Pretrial Order, but are not required unless specifically requested by the Court.

15. Regarding exhibit lists, exhibits, witness lists, and deposition designations, the parties shall comply with Local Rule 26.2 by May 3, 2021. This includes providing copies of your trial exhibits to the Court on a USB flash drive or by email at Starr_Orders@txnd.uscourts.gov.[7]

16. Motions in limine shall be filed by May 6, 2021.

17. Objections to the requested jury instructions and interrogatories shall be filed May 6, 2021.

18. Objections to witnesses (except expert witnesses), exhibits, and deposition designations shall be filed by May 6, 2021. Counsel must confer about exhibits and make reasonable efforts to agree upon admissibility.

19. The Court will view with disfavor and will deny—absent a showing of good cause—requests for extensions of these deadlines.

20. At the pretrial conference, the Court will determine the order in which the cases on its two-week docket will be tried. Counsel and the Parties shall be ready for trial on 48-hours notice at any time during the docket period.

**IT IS SO ORDERED**, this April 17, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[7] The Court will not accept original exhibits prior to trial. Original exhibits are retained by counsel and are admitted into the official record during trial. It is counsel's duty to care for the original exhibits before and after trial. At the end of trial, the Court will return the original exhibits to counsel and counsel will sign a Receipt of Exhibits. The Court will file the Receipt of Exhibits with the District Clerk. It is counsel's responsibility to forward any exhibits to the Court of Appeals should the case be appealed. All questions regarding exhibits are to be directed to the court reporter.