IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACKERMAN MCQUEEN, INC. | § § | |
| v. | § § | Case No. 3:19-cv-03016-X |
| GRANT STINCHFIELD | § | |

# BRIEF IN SUPPORT OF PLAINTIFF'S
# MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff, Ackerman McQueen, Inc. ("*AMc*"), files its Brief in Support of its Motion for Protective Order ("*Motion*") (doc. 11), and respectfully asks the Court to enter the proposed Protective Order ("*Protective Order*") submitted concurrently herewith pursuant to Federal Rule of Civil Procedure 26(c).

## INTRODUCTION AND SUMMARY

1.  The Defendant in this case, Grant Stinchfield ("*Defendant*"), is represented by Brewer Attorneys and Counselors. The central issue before this Court is whether William A. Brewer III ("*Brewer*") and the public relations unit at Brewer Attorneys and Counselors ("*Brewer PR*") should be prohibited from accessing, reviewing, and otherwise using information designated as Highly Confidential by AMc under a two-tier protective order.

2.  AMc is a public relations and marketing company that formerly provided public-relations, crisis-management, marketing, event, and media services for the

National Rifle Association of America, Inc. ("**NRA**") for nearly 40 years. Brewer and Brewer PR have now supplanted AMc in that role.

3. In October 2019, after two separate hearings, the Circuit Court of the City of Alexandria, Virginia (the "***Virginia Court***") determined in a somewhat related case that Brewer and Brewer PR were direct competitors of AMc. Thus, the Virginia Court prohibited Brewer and Brewer PR from accessing, reviewing, and otherwise using information designated as Highly Confidential in that case. *See* Ex. A-1. Magistrate Judge Tolliver recently reached the same conclusion in a related case, Case No. 3:19-cv-02074-G, *National Rifle Association of America, Inc. v. Ackerman McQueen, Inc.* (N.D. Tex.) (the "***NRA Texas Action***"). *See* Ex. A-2. Magistrate Judge Tolliver held that "[i]f Brewer had access to AMc's Highly Confidential Information—which includes non-public financial statements, profit and loss data, and sales information relating to specific customers—then Brewer could use that competitive information to severely prejudice AMc." *Id*. Thus, she agreed with the Virginia Court "that Brewer and its PR unit should be walled off from information designated as Highly Confidential Information." *Id*.

4. Through their representation of Defendant in this case, the Brewer firm is attempting to make an end-run around the protective orders entered by the Virginia Court and Magistrate Judge Tolliver by requesting that AMc produce sensitive, confidential information regarding AMc's business and business relationship with the NRA, without the benefit of a protective order. In order to prevent Brewer and Brewer

BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF PROTECTIVE ORDER – PAGE 2

PR from using discovery to obtain a competitive advantage over AMc, AMc requests entry of a two-tier protective order in substantially the same form as the ones entered by the Virginia Court and by Magistrate Judge Tolliver that prohibits Brewer and Brewer PR from accessing, reviewing, and otherwise using information designated as Highly Confidential.

## FACTUAL BACKGROUND

5.  AMc is a public relations and marketing company that formerly provided public-relations, crisis-management, marketing, event, and media services for the National Rifle Association of America, Inc. ("*NRA*") for nearly 40 years. The NRA has initiated three lawsuits against AMc, which have been consolidated and are pending in Virginia. The Brewer firm represents the NRA in the Virginia Action, and the parties agreed to a protective order with two tiers of confidentiality in that action. *See* Ex. A-1. The NRA also initiated litigation against AMc in the Northern District of Texas, and the Brewer firm represents the NRA in that action, too. Over the NRA's objection, Magistrate Judge Tolliver recently decided to enter a protective order with two tiers of confidentiality. *See* Exs. A-2, A-3.

6.  The Defendant, Grant Stinchfield, is a former employee of AMc who hosted an online program on the NRA's digital media platform, NRATV. This lawsuit arises out of an "affidavit" signed by Defendant on December 10, 2019, in which he makes numerous false statements about AMc. The affidavit was not filed with a court of law or

other tribunal. Instead, it was sent directly to the media, and appears to have been created for the sole purpose of disseminating it to the media in order to defame AMc. AMc thus sued Defendant for defamation and business disparagement in relation to the affidavit. Defendant answered, asserting numerous affirmative defenses.

7. Both parties have been conducting discovery in support of their claims and defenses in this matter. Defendant's counsel, the Brewer firm, which also represents the NRA in the NRA Texas Action and the Virginia lawsuit, has requested that AMc produce sensitive, confidential information regarding AMc's business, including its business relationship with the NRA, much of which Defendant's counsel also sought in the Virginia lawsuit and the NRA Texas Action. For example, Defendant is seeking production of documents relating to NRATV, the streaming media platform that AMc developed for the NRA, including its lauch, its valuation, related viewership analytics, and related billing entries, financials, projections, forecasts, and the like. *See* Ex. A-4 at RFPs Nos. 7-9, 16-21, 24-30, 37-49, 70, 72-73. Defendant is also seeking production of AMc's contracts with its on-air talent. *See id*. at 65. Defendant is also requesting documents relating to AMc's relationship with employees, vendors, clients, potential clients, and former clients. *See id*. at Nos. 1-6, 10-14, 36, 71. And, Defendant is seeking production of AMc's financial statements. *See id*. at No. 23.

8. Although the parties generally agree that trade secrets should be protected from public disclosure, AMc specifically objects to the disclosure of this type of highly

confidential business information to its competitor, Brewer and Brewer PR. Thus, AMc proposed a two-tier protective order, which would have allowed AMc to designate certain relevant, responsive information as Highly Confidential Information to which Brewer and Brewer PR would not have access. *See* Ex. A-5. Defendant's counsel has indicated that they oppose AMc's proposed two-tier protective order, but will agree to "provide protection to information regarding trade secrets." *See* Ex. A-6.

## ARGUMENT AND AUTHORITIES

9.  A court may issue a protective order, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" or to protect a party's "confidential, research, development, or commercial information." Fed. R. Civ. P. 26(c)(1), (c)(1)(G). When parties to an action agree on the entry of a protective order, but differ on the order's terms, the party seeking to limit discovery bears the burden of demonstrating that "good cause" exists for the level of protection sought. *Document Gen. Corp. v. Allscripts, LLC*, Case No. 6:08-CV-479, 2009 WL 1766096, *2 (E.D. Tex. June 23, 2009). "The party attempting to establish good cause must demonstrate 'a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

10. The purpose of this Motion is to address these concerns, which are unique to the business and personal relationship between AMc, on the one hand, and the Brewer firm and its namesake, on the other hand. In an unusual twist on traditional litigation,

Brewer is the brother-in-law of AMc's CEO, Revan McQueen, has positioned his law firm as a direct competitor of AMc, and has supplanted AMc's role providing public relations and strategic marketing services to the NRA.[1]

11.     Although the NRA maintains that the Brewer firm is not a competitor with AMc, two courts have held otherwise.  As has been extensively briefed and argued in both the NRA Texas Action and the Virginia lawsuit, Brewer and Brewer PR perform many of the same services for the NRA that AMc used to perform.[2]  For instance:

- The Brewer Firm is now drafting and approving the NRA's press releases and statements to the media;

- When media outlets, including the New York Times, approach the NRA for comments on the NRA's litigation with AMc, NRA officials are conferring with Brewer PR, which is helping the NRA draft responses;

- The NRA's PR director has been communicating with the Brewer PR's director, Travis Carter, several times per week since April 2019; and

- Brewer himself regularly interacts with the NRA's PR director and assists him with his job.[3]

---

[1] *See* NRA Texas Action, Doc. 111 ¶¶ 2-3 (and accompanying exhibits).

[2] *See* NRA Texas Action, Doc. 51 at ¶¶ 5-6 (and accompanying exhibits); pp. 79-110 (Tr. of Hearing on protective order in Virginia action).

[3] See NRA Texas Action, Doc. 51 at ¶¶ 5-6 (and accompanying exhibits).

**BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ENTRY OF PROTECTIVE ORDER – PAGE 6**

In both the NRA Texas Action and the Virginia lawsuit, the courts held that Brewer and Brewer PR compete with AMc and, thus, two-tier protective orders were appropriate. *See* Exs. A-1, A-2.

12. Plaintiff seeks to ensure that its proprietary information does not fall into the hands of another public-relations firm, especially one that has already proven its willingness to actively compete with AMc. While an ordinary protective order might otherwise ensure that propriety information will not be disclosed to a competing business, Defendant is *represented* by a competing business—one which has already taken the NRA's PR work from AMc. Accordingly, a customized protective order is required in order to deal with the unique facts of this case.

13. The Virginia court acknowledged this professional conflict and, after a hearing including oral argument by both parties,[4] entered a two-tiered protective order providing for both a "Confidential" and "Highly Confidential" document designation. This two-tiered structure granted Brewer and Brewer PR access to "Confidential" information, but excluded them from all proprietary information designated as "Highly Confidential." *See* Ex. A-1. Magistrate Judge Tolliver did the same in the NRA Texas Action. *See* Exs. A-2, A-3. She was particularly concerned that a less restrictive protective order could allow Brewer and Brewer PR to circumvent the protective order in the

---

[4] *See* NRA Texas Action, Doc. 51 at 109-110.

Virginia lawsuit and gain access to AMc's sensitive, nonpublic business information. *See* Ex. A-2 at p. 4.

14. Although the named parties are different in the present case, the same confidentiality issues still exist due to the Brewer firm's involvement in this case. Entry of a one-tier protective order that does not prohibit Brewer and Brewer PR from accessing Highly Confidential Information would permit Brewer and Brewer to circumvent the Virginia protective order and the protective order in the NRA Texas Action. Documents designated "Highly Confidential" for purposes of the Virginia Action and the NRA Texas Action would only be treated as "Confidential" for purposes of this Action, meaning Brewer and Brewer PR would have access to information that two courts have already decided they should not be permitted to receive. AMc's business competitor would have access to AMc's business plans, financial information, and customer information, thereby severely prejudicing AMc.

15. The undersigned has provided Defendant's counsel with a copy of the proposed Protective Order, which is substantially identical to the protective order entered in the NRA Virginia Action and the NRA Texas Action and is intended to govern the entirety of the discovery efforts between the parties, including written, oral, and third-party discovery, and provide a mechanism for both parties to designate and challenge confidentiality. *See* Ex. A-5. Defendant's counsel has indicated that they object

to entry of the protective order, but said they would somehow "provide protection to information regarding trade secrets." *See* Ex. A-6.

16. Two courts have held that AMc, on the one hand, and Brewer and Brewer PR, on the other hand, are competitors. *See* Exs. A-1, A-2. Two courts have therefore entered orders holding that Brewer and Brewer PR should be walled off from AMc's Highly Confidential Information. *See* Exs. A-1, A-3. Entry of a different type of protective order in this case could allow Brewer and Brewer PR to make an end-run around those orders and use AMc's Highly Confidential Information to prejudice AMc. Thus, AMc has established good cause and demonstrated a clearly defined and serious injury to warrant entry of a more restrictive protective order.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, AMc respectfully asks the Court to grant this Motion, enter a protective order in the form submitted concurrently herewith, and grant AMc such other and further relief to which it may be justly entitled.

Dated: June 26, 2020.

    Respectfully submitted,

    /s/ *Brian Vanderwoude*
    **Jay J. Madrid, Esq.**
    Texas Bar No. 12802000
    madrid.jay@dorsey.com
    **G. Michael Gruber, Esq.**
    Texas Bar No. 08555400
    gruber.mike@dorsey.com
    **J. Brian Vanderwoude, Esq.**
    Texas Bar No. 24047558
    vanderwoude.brian@dorsey.com
    **Brian E. Mason, Esq.**
    Texas Bar No. 24079906
    mason.brian@dorsey.com
    **DORSEY & WHITNEY LLP**
    300 Crescent Court, Suite 400
    Dallas, Texas 75201
    (214) 981-9900 Phone
    (214) 981-9901 Facsimile

    **ATTORNEYS FOR PLAINTIFF**
    **ACKERMAN MCQUEEN, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

    /s/ *Brian Vanderwoude*
    J. Brian Vanderwoude