IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACKERMAN MCQUEEN, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GRANT STINCHFIELD, | § | CIVIL ACTION NO. 3:19-CV-03016-X |
| | § | |
| Defendant. | § | |

**BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

By: */s/ Ian Shaw*
Ian Shaw
State Bar No. 24117041
ins@brewerattorneys.com
1717 Main Street,
Suite 5900
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

**ATTORNEYS FOR DEFENDANT
GRANT STINCHFIELD**

Defendant Grant Stinchfield ("Stinchfield" or "Defendant") files this brief in support of his motion in opposition to Plaintiff's Ackerman McQueen, Inc, ("AMc" or "Plaintiff") Motion for Entry of Protective Order.

## I.

## **PRELIMINARY STATEMENT**

AMc filed this lawsuit against Stinchfield asserting claims for defamation and business disparagement on December 20, 2019. On February 11, 2020, Stinchfield served AMc with his first set of requests for production of documents pursuant to Federal Rules of Civil Procedure 34 (the "Requests"). On March 12, 2020, AMc served its answers to the Requests, asserting multiple improper objections to each Request.[1] Two weeks later, Stinchfield and AMc conferred about AMc's objections. During the meet and confer, AMc's counsel agreed to produce documents and meet with their client about the other requests that were in question.[2] Additionally, AMc proposed a protective order that precludes Stinchfield's attorney from reviewing all the documents it deems "highly confidential."[3] On June 22, 2020, another meet and confer occurred where AMc agreed to produce documents to several requests, however, the proposed protective order was still an issue.[4]

AMc initiated this lawsuit against Stinchfield and has the burden to prove its claims. Stinchfield has the right to receive responsive documents to defend himself against these claims. AMc is trying to put a protective order in place that would preclude Stinchfield's attorney— William Brewer III ("Mr. Brewer")— from defending him against these claims and preclude Mr. Brewer's firm from using its Public Relations arm from assisting Stinchfield in a highly publicized

---

[1] Exhibit A.
[2] Exhibit B.
[3] Exhibit C.
[4] Exhibit D.

1

lawsuit. It is evident that AMc is placing an unnecessary burden on Stinchfield during this discovery process.

Therefore, Stinchfield files this response asking this Court to deny AMc's motion and reject AMc's proposed protective order.

## II.

## ARGUMENTS AND AUTHORITIES

To be entitled to entry of a protective order, the moving party must establish good cause, a specific need, and that the entry of the protective order will not cause substantial harm. AMc fails to establish that there was good cause instead it contends—without any supporting evidence— that Mr. Brewer's firm is a direct competitor. AMc also fails to establish a specific need for the entry of its proposed protective order. In addition, AMc's proposed protective order will cause Stinchfield substantial harm by not allowing Stinchfield's attorneys to review pertinent documents. Therefore, the Court should reject AMc's proposed protective order.

**A.    AMc has failed to meet the burden to show that a protective order should be entered.**

The Fifth Circuit has explained that "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Federal Rule of Civil Procedure 26.[5] To determine whether a protective order should be put in place, the Fifth Circuit uses a balancing standard,[6] where the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party.[7] Courts also weigh

---

[5] *See Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016).

[6] *See Id*. (In *Cazorla*, the court's balancing analysis turned own three basic determinations: 1) relevant case law; 2) whether the discovery had significant probative value; and 3) the discovery relevance outweighed any possible harm from allowing it.)

[7] *Id*.

relevant public interests in this analysis."[8] In its motion, AMc uses a Third Circuit standard that is not binding on this Court, and it has failed to meet any of the essential balancing factors that this Circuit requires, which is why this Court should deny the motion.

### 1. AMc has failed to show good cause in support of its request of entry of a protective order.

AMc has not established good cause for entry of its proposed protective order.[9] To establish good cause, AMc would have to show that a protective order is required to protect them from annoyance, embarrassment, oppression, or undue burden.[10] AMc has failed to do so. Instead AMc continuously contends that it needs a protective order because Brewer is a direct competitor and there is a conflict of interest. AMc points to the recent order from Magistrate Judge Toliver in the Northern District of Texas concerning the pending litigation between the NRA and AMc.[11] As explicitly explained below, AMc and Brewer are not in competition with one another.

In its motion, AMc listed services Brewer is performing for the NRA concerning public relations. Yet it fails to mention that the NRA is in several high-profile lawsuits that require both courtroom advocacy and advocacy within the court of public opinion. That does not mean Brewer is trying to become the NRA's public relations vendor. It simply means Brewer is trying

---

[8] *Id.*

[9] *See Landry v. Air Line Pilots Ass'n,*, 901 F.2d 404, 435 (5th Cir.1990).

[10] *See* FED. R. CIV. P. 26(c)(1). including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

[11] *See* Exhibit E (*National Rifle Association of America v. Ackerman McQueen, Inc.*, Civil Action No. 3-190cv-07074-G as of June 22, 2020 AMc's protective order was granted relating to non-parties, and the NRA are currently in the process of appealing Judge Toliver's order.)

to provide the NRA—its client—with zealous advocacy and undeniable value. AMc also contends, "Mr. Brewer has positioned his law firm as a director competitor of AMc and has supplanted AMc's role providing public relations and strategic marketing services to the NRA." However, AMc fails to mention two key points: 1) Brewer does not offer and has never offered marketing services; and 2) AMc oversaw the NRA's public relations, but its agreement with the NRA was terminated in the summer of 2019. AMc has not done any public relations work for the NRA in over a year. There is no competition between two companies that are not playing the same game. Thus, AMc has failed to establish good cause.

### 2. AMc has failed to show a specific need for a protective order.

In addition to not showing good cause, AMc has failed to show a specific need for protection in this cause.[12] Contrary to AMc's contentions, its proposed protective order will cause an extreme burden on Stinchfield by preventing his counsel from reviewing documents that are vital to his defense. For example, the NRA TV metrics were prepared for the NRA in AMc's digital advertising capacity. Those presentations and metrics do not pertain to public relations, thus the contention that Brewer would use these presentations to compete is incorrect. Digital advertising is not in Brewer's wheelhouse. AMc's designations should not be allowed to affect Stinchfield's right to defend himself against AMc's claims. Furthermore, these documents are not protecting any trade secrets, sales information, or secret formulas.

Therefore, the Court should reject AMc's proposed protective order for failing to show good cause and a specific need.

---

[12] *See Landry*, at 435 (5th Cir.1990).

**3.     AMc's proposed protective order causes Defendant substantial harm.**

Preventing Stinchfield's counsel from reviewing essential documents prohibits Stinchfield from receiving effective attorney client advocacy and prohibits Stinchfield from receiving a fair and just opportunity to defend himself. AMc's proposed protective order prevents Mr. Brewer from reviewing documents that it designates as "highly confidential." This constraint is an extraordinary burden that places unreasonable restrictions on the discovery process in this matter and should be rejected.

Not allowing Stinchfield's counsel to properly advocate for his client outweighs any harm AMc contends will come about due to the protection of its financials, NRA TV metrics or its dealings with its past clients and vendors. To be clear, AMc's claims against Stinchfield require the analysis of the alleged "highly confidential" documents AMc wants to preclude Stinchfeild's attorney from reviewing. There will be significantly more harm done to Stinchfield if this protective order is put in place than it would be to AMc if the proposed order is not in place.

Therefore, the Court should reject AMc's proposed protective order.

**B.     AMc's "highly confidential" designation is improper.**

AMc's proposed protective order prohibits Stinchfield's counsel and counsel's public relations arm from reviewing essential and pertinent documents to this cause. In fact, the proposed protective order deems all the documents concerning NRA TV metrics, all of the financials concerning AMc's alleged financial injury, and all the documents concerning AMc's failed client relationships as "highly confidential"—all of which form the basis of this matter.

AMc's proposed protective order suggests that each document that is designated "highly confidential" cannot be reviewed by Stinchfield's counsel—Mr. Brewer. AMc contends that because Brewer Attorneys and Counselors ("Brewer") is a direct competitor, documents marked "highly confidential" cannot be reviewed by Mr. Brewer. Although there has been no substantial

5

evidence that establishes this false contention, With Mr. Brewer not being able to review essential documents, Stinchfield is prohibited from receiving a fair opportunity to defend himself in this litigation. Furthermore, AMc's "highly confidential" designations are improper because AMc and Brewer are not direct competitors. Therefore, the Court should reject AMc's proposed protective order.

      **a.**      **Brewer is not in competition with AMc.**

AMc continues to perpetuate this false narrative that Brewer and AMc are direct competitors. As a result, AMc contends that a protective order must be entered to prevent Brewer from potentially taking customers away from AMc.

AMc began this narrative when the National Rifle Association ("NRA") terminated its contract with AMc in the summer of 2019. Feeling bitter and overwhelmed with uncertainty because it lost its biggest client and lost close to $40 million a year worth of billables, AMc created the false narrative that Brewer is a direct competitor for its business. But, that's not the case.

There must be a careful analysis when examining competition because the perception is that two companies that seem to be offering the same service are direct competitors, which AMc has constantly argued. However, that perception is not reality. Marketing experts Mark Bergen and Margaret Peterat define a direct competitor has a company who occupies the same marketplace, targets the same consumer, and sells the same product or service as another company.[13] Brewer is a commercial litigation law firm that has a public relations arm, which adds value to the firm's advocacy in the court of public opinion. AMc is an advertising agency— and has also been referred to as a public relations firm—that sells public relations services. It offers its

---

[13] See Exhibit F. Mark Bergen and Margaret Peteraf, Competitor Identification and Competitor Analysis: A broad-based Managerial Approach, Manage Decis. Econ., 2002 at 160-161.

public relations services a la carte. Brewer does not. Brewer's public relations services are offered only in relation to a lawsuit or regulatory issue that the firm handles.[14] The two companies do not target the same consumer, offer the same service, nor do they occupy the same marketplace.

Brewer competes with law firms. Its success is compared to other law firms not public relations companies. Clients come to Brewer for legal representation. In fact, two high ranking officials with the NRA—under sworn testimony— state in their respective declarations that AMc and Brewer are not in competition with one another nor did the NRA ever view them as competitors.[15] The Director of Public Relations for Brewer has presented sworn testimony under reiterating that Brewer and AMc are not in competition with one another. Brewer's Director of Public Relations explains in his declaration that Brewer's public relations arm has just five employees and the group primarily works on communications strategy in helping clients navigate media issues, regulatory challenges, and reputational exposure associated with legal matters being handled by the firm.[16] Therefore, Brewer is not a direct competitor of being a direct AMc.

### III.
### CONCLUSION

The rules governing discovery in federal court are designed to "accomplish full disclosure of the facts, eliminate surprise, and promote settlement."[17] But yet AMc's proposed protective order does not adhere to these rules. Instead AMc is defying the cornerstone of the legal profession:

---

[14] *See* Exhibit G Brewer's Website Public Relations.

[15] *See* Exhibit H (See Ex. 46 Andrew Arulanandam, NRA's Director of Public Relations and See Ex 52 Craig Spray, NRA's Chief Financial Officer ¶ 10 of Plaintiff the National Rifle Association of America's Memorandum of Law in Opposition to Defendant's Motion to Disqualify Plaintiff's Counsel.) *National Rifle Association of America v. Ackerman McQueen, Inc*., Civil Action No. 3-190cv-07074-G.

[16] *See* Ex. I (See Ex. 49 Travis Carter, Brewer's Director Of Public Relations ¶¶ 9-22 of Plaintiff the National Rifle Association of America's Memorandum of Law in Opposition to Defendant's Motion to Disqualify Plaintiff's Counsel.) National Rifle Association of America v. Ackerman McQueen, Inc., Civil Action No. 3-190cv-07074-G.

[17] *S. Ry. Co. v. Lanham*, 403 F.2d 119, 127 (5th Cir.1968).

a fair opportunity to defend oneself in a dispute before a tribunal. This proposed protective order is the equivalent to asking a boxer to get in the ring to fight his opponent, but he has to fight with a blind fold and his hands tied behind his back. Its unduly burdensome and unreasonable.

      For all these reasons, the Court should reject AMc's motion for entry of protective order.

July 16, 2020                                      Respectfully submitted,

                                                        **BREWER STOREFRONT, PLLC**

                                          By:*/s/ Ian Shaw*_____
                                               Ian Shaw
                                               State Bar No. 24117041
                                               ins@brewerattorneys.com
                                               1717 Main Street
                                               Suite 5900
                                               Dallas, Texas 75201
                                               Telephone: (214) 653-4000
                                               Facsimile: (214) 653-1015

                                               **ATTORNEYS FOR DEFENDANT GRANT STINCHFIELD**

**CERTIFICATE OF CONFERENCE**

I hereby certify that the Stinchfield has met its obligation to attempt to confer with counsel regarding the substance of the proposed Protective order. On March 25, 2020 counsel for Stinchfield and counsel for AMc conducted their initial meet and confer regarding Defendant's requests for production. On the same day, Stinchfield's counsel sent a follow-up email regarding the items that were agreed upon.[18] Following the initial meet and confer, on April 1, 2020, Plaintiff's counsel served Defendant with its proposed protective order.[19] Defendant's counsel conveyed to Plaintiff's counsel that Defendant objected to protective order but another meet and confer was necessary. Almost a month later, On June 22, 2020, Plaintiff's counsel and Defendant's counsel conducted another meet and confer. During the meet and confer, Plaintiff agreed to produce documents responsive to several of Defendant's requests for production, with the exception of the requests that Plaintiff's counsel believed required a protective order.[20] An agreement could not be reached regarding the proposed protective order.

                                                    */s/ Ian Shaw*
                                                  Ian Shaw

---

[18] Ex. B.

[19] Ex. C.

[20] Ex. D.

## **CERTIFICATE OF SERVICE**

I certify that I caused a true and correct copy of the foregoing document to be served upon the following counsel of record in the above cause in accordance with the Federal Rules of Civil Procedure on this 16th day of July 2020.

**Jay J. Madrid, Esq**.
Texas Bar No. 12802000
madrid.jay@dorsey.com
**G. Michael Gruber, Esq.**
Texas Bar No. 08555400
gruber.mike@dorsey.com
**J. Brian Vanderwoude, Esq**.
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
**Brian E. Mason, Esq.**
Texas Bar No. 24079906
mason.brian@dorsey.com

DORSEY & WHITNEY LLP
300 Crescent Court, Suite 400
Dallas, Texas 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

**ATTORNEYS FOR DEFENDANTS**

_/s/Ian Shaw_____
Ian Shaw