IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACKERMAN MCQUEEN, INC. | § § | |
| v. | § § | Case No. 3:19-cv-03016-X |
| GRANT STINCHFIELD | § § | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR ENTRY OF PROTECTIVE ORDER</u>**

Plaintiff, Ackerman McQueen, Inc. ("*AMc*"), files its Reply Brief in Support of its Motion for Protective Order ("*Motion*") (doc. 11).

1. Defendant first attempts to argue that William A. Brewer III ("*Brewer*") and the public relations unit at Brewer Attorneys and Counselors ("*Brewer PR*") are not competitors of AMc. With all due respect to Defendant, this issue has already been decided against him by not one, but two, courts. In October 2019, after two separate hearings, the Circuit Court of the City of Alexandria, Virginia (the "*Virginia Court*") determined that Brewer and Brewer PR were direct competitors of AMc and, thus, needed to be "walled off" from Highly Confidential information:

> But, at this stage, Mr. Brewer will be walled off from any -- any involvement in the case.
>     MR. DICKIESON: And the PR unit, as well, your Honor?
>     THE COURT: And the PR unit. That's correct.

Magistrate Judge Toliver reached the same conclusion in a related case, Case No. 3:19-cv-02074-G, *National Rifle Association of America, Inc. v. Ackerman McQueen, Inc.* (N.D. Tex.) (the "***NRA Texas Action***"):

> Even though the NRA and LaPierre insist that Brewer and AMc are not competitors, the Court notes that Brewer and AMc both provide public relation services. *See* Doc. 31 at 96 ("Brewer entered the scene offering the NRA legal services while vying for the public relations work then being handled by AMc."). In fact, the Parties argued this very issue in the Virginia lawsuit. Doc. 51 at 79-110 (Tr. of Hr'g on protective order). Upon review of the transcript, this Court agrees with Judge Dawkins' conclusion that Brewer and its PR unit should be walled off from information designated as Highly Confidential Information. Doc. 51 at 110. Indeed, if Brewer had access to AMc's Highly Confidential Information—which includes non-public financial statements, profit and loss data, and sales information relating to specific customers—then Brewer could use that competitive information to severely prejudice AMc. Doc. 51 at 33.

The NRA and the Brewer firm did not appeal either of these orders. AMc has established that Brewer and Brewer PR perform many of the same services for the NRA that AMc used to perform. Thus, the Court should give short shrift to Defendant's argument that Brewer and Brewer PR are not competitors of AMc.

  2. Next, Defendant attempts to argue that "AMc has not established good cause for entry of its protective order." This issue has already been decided against Defendant, too. Magistrate Judge Toliver held that Defendant's counsel was "attempting to circumvent the Virginia protective order" and "[i]f Brewer had access to AMc's Highly Confidential Information—which includes non-public financial statements, profit and

loss data, and sales information relating to specific customers—then Brewer could use that competitive information to severely prejudice AMc," both of which "established good cause and demonstrated 'a clearly defined and serious injury' to warrant the inclusion of the Highly Confidential Information designation in the parties' protective order." The Court should reach the same conclusion here for the same reasons. Entry of a different type of protective order in this case could allow Brewer and Brewer PR to make an end-run around the protective orders entered by the Virginia Court and Magistrate Judge Toliver and use AMc's Highly Confidential Information to compete against and prejudice AMc. Thus, AMc has established good cause and demonstrated a clearly defined and serious injury to warrant entry of a protective order in this case.

3. Defendant then argues that a protective order will preclude Defendant from receiving effective legal counsel in this matter. But, AMc is not seeking to preclude *everyone* at the Brewer firm from reviewing Highly Confidential information, only its namesake, Brewer, and the public relations unit he oversees, Brewer PR. It is worth noting that Brewer is not even a signatory to Defendant's response to AMc's motion for protective order. *See* Doc. 15 at p. 9. Although Defendant's initial pleading indicated that he was represented by Brewer and the Brewer firm, *see* Doc. 7 at p. 14, Defendant's more recent filings indicate that he is represented by Brewer Storefront, PLLC (the

"*Storefront*"), the pro bono arm of Brewer Attorneys and Counselors.[1]  *See, e.g.*, Doc. 8 at p. 4, Doc. 15 at p. 9.  Defendant's more recent filings have been signed solely by Ian Shaw on behalf of the Storefront, not by Brewer.  *Id*.  In fact, other than in the name of the Storefront, Brewer's name does not appear anywhere in the more recent signature blocks.  *Id*.  Thus, walling-off Brewer and Brewer PR presents no harm to Defendant.  Even when Brewer and Brewer PR are walled off from Highly Confidential information in this case, Defendant can and will continue to receive effective legal counsel through Mr. Shaw and others at the Storefront.

4.  In sum, AMc has established good cause and demonstrated a clearly defined and serious injury to warrant entry of a protective order in this case.  Doing so will prevent Defendant's counsel from circumventing protective orders entered in other case and will prevent Brewer and Brewer PR from competing unfairly against AMc.  Defendant, in contrast, has failed to establish any reason that would justify denying entry of a protective order altogether.

WHEREFORE, PREMISES CONSIDERED, AMc respectfully asks the Court to grant AMc's motion for entry of a protective order and grant AMc such other and further relief to which it may be justly entitled.

---

[1] *See* https://www.brewerattorneys.com/pro-bono (indicating that the Storefront was set up to handle on a pro bono basis "matters that often establish legal precedent and make a long-term, positive impact on the community at large").

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ENTRY OF PROTECTIVE ORDER – PAGE 4**

Dated: July 23, 2020.

    Respectfully submitted,

    /s/ *Brian Vanderwoude*
    **Jay J. Madrid, Esq.**
    Texas Bar No. 12802000
    madrid.jay@dorsey.com
    **G. Michael Gruber, Esq.**
    Texas Bar No. 08555400
    gruber.mike@dorsey.com
    **J. Brian Vanderwoude, Esq.**
    Texas Bar No. 24047558
    vanderwoude.brian@dorsey.com
    **Brian E. Mason, Esq.**
    Texas Bar No. 24079906
    mason.brian@dorsey.com
    **DORSEY & WHITNEY LLP**
    300 Crescent Court, Suite 400
    Dallas, Texas 75201
    (214) 981-9900 Phone
    (214) 981-9901 Facsimile

    **ATTORNEYS FOR PLAINTIFF**
    **ACKERMAN MCQUEEN, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

    /s/ *Brian Vanderwoude*
    J. Brian Vanderwoude