IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>　　Plaintiff and Counter-Defendant,<br><br>and<br><br>　　WAYNE LAPIERRE,<br><br>　　Third-Party Defendant,<br><br>v.<br><br>ACKERMAN MCQUEEN, INC.,<br><br>　　Defendant and Counter-Plaintiff,<br><br>and<br><br>MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, AND JESSE GREENBERG,<br><br>　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § §<br><br>Civil Action No. 3:19-cv-02074-G |

### AFFIDAVIT OF GRANT STINCHFIELD

GRANT STINCHFIELD, being duly sworn, deposes and says:

　　1.　　I am above the age of eighteen years, have never been convicted of a felony, and am fully competent to make this affidavit. The statements set forth below are true and correct and, unless otherwise qualified, are based upon my personal knowledge.

　　2.　　I am a former news anchor, a current radio show host, four-time Emmy-award winning investigative reporter, and recipient of the Associated Press Investigative Reporting Award.

EXHIBIT A-1

App. 6

3. From 2016, to July 2019, I was the host of an NRATV program called "Stinchfield."

4. I joined NRATV as a program host because NRATV appeared to present a unique platform from which I could help to educate the public about its Second Amendment rights and responsibilities. I am a resolute supporter of the Second Amendment and the mission of the NRA.

5. In my capacity as an NRATV host, I was employed by Ackerman McQueen, Inc. ("Ackerman").

6. Upon joining NRATV, I was surprised to discover that Ackerman aggressively sought to limit interaction between NRATV talent and NRA leadership. Angus McQueen and others instructed me adamantly that Ackerman, not the NRA, would set the agenda for NRATV's programming – and would determine the messaging and how we would broadcast it. I was repeatedly told by Angus McQueen, "the NRA is not your boss – I am."

7. Throughout late 2017, and into 2018, as Ackerman aggressively expanded the footprint of NRATV and associated spending, especially the production of "live" programs, I questioned whether this was the most cost-effective method to promote the Second Amendment. I specifically and repeatedly expressed my view that three daily, well-targeted videos, crafted for dissemination on YouTube, Facebook and Twitter, would achieve a far greater reach than my live broadcast without the expense of a twenty-four-hour livestreaming network. When I presented these ideas, Ackerman executives, particularly Angus McQueen, harshly dismissed them. I arrived at the view that Ackerman was intent upon transforming itself from an ad agency into a live television newsroom, and using the NRA to finance this goal.

2

*App. 7*

8. I have glimpsed at PowerPoint presentations, digital dashboards, and other "metrics" which I understand were presented by Ackerman executives to describe the performance and viewership of NRATV. I came to understand that these figures were being developed by Ackerman for consumption by NRA leadership. I believe these metrics were distorted and did not tell the whole story of how few actual live viewers we had.

9. I have reviewed the allegations in this case and find many made by Ackerman to be disingenuous. For example, Ackerman now disparages Carry Guard and School Shield. Ackerman was an enthusiastic proponent of both programs. In fact, I was encouraged by Ackerman to actively promote both programs. I believe that School Shield is a vital, life-saving program. It is shameful that Ackerman would publicly smear School Shield, especially if those smears cause even one school to forego installation of this vital program designed to save lives.

10. I certify that the foregoing statements are true and correct under penalty of perjury.

Date: December 10, 2019

_____
Grant Stinchfield

[NOTARY SEAL]



Krystal Hughes
Notary for the State of Texas
KRYSTAL HUGHES
Notary ID #129488160
My Commission Expires
July 12, 2021

4823-6952-0046, v. 8

3
App. 8