IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ACKERMAN MCQUEEN, INC. § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 3:19-CV-03016-X |
| v. § | |
| § | |
| GRANT STINCHFIELD, § | |
| § | |
| Defendant. § | |

### DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Pursuant to Federal Rule of Civil Procedure 37(a), Defendant Grant Stinchfield ("Stinchfield" or "Defendant") files this brief in response to Plaintiff Ackerman McQueen, Inc.'s ("AMc" or "Plaintiff") Motion to Compel.

### I.

### PRELIMINARY STATEMENT

In connection with pending litigation in the Norther District of Texas between the National Rifle Association of America ("NRA") and AMc,[1] Stinchfield—a former AMc employee—approached the NRA's counsel, Brewer, Attorneys, and Counselors ("Brewer") to provide an affidavit of what he witnessed while employed at AMc as a host on AMc's digital platform—NRA TV. The affidavit confirmed what the NRA already believed: in an attempt to increase NRA TV's operational budget and AMc's billables, AMc overstated the success of its operation and specifically NRATV viewership numbers. Shortly after AMc received Stinchfield's affidavit, it filed this lawsuit against Stinchfield for defamation and business disparagement.

---

[1] *National Rifle Association v. Ackerman McQueen, Inc*. et, al., Case No. 3:19-cv-02074-G.

1

The lawsuit against Stinchfield was in retaliation to the statements Stinchfield made in his affidavit. In fact, upon filing its lawsuit against Stinchfield, AMc created a headline in an apparent attempt to scare potential witnesses with knowledge of AMc's operation of NRA TV from coming forward.[2]

Although Stinchfield argues that his affidavit is protected by the litigation privilege doctrine,[3] the parties have begun limited discovery.

On January 10, 2020, AMc served Stinchfield with its first set of requests for production and its first set of Interrogatories, ("Requests").[4]

On February 10, 2020, Stinchfield served his answers to the Requests, asserting proper objections.[5]

On March 10, 2020, Stinchfield and AMc met and conferred regarding the Requests. During the meet and confer, Stinchfield agreed to produce non-privileged documents that were responsive to AMc's Requests. Stinchfield produced documents that same day.[6]

On September 22, 2020, AMc inquired further into information it sought from Stinchfield. Its inquiry pertained to seven of its discovery requests: Requests for Production 2-4, 17-19 and Interrogatory Number 11. Stinchfield agreed to supplement his answers to specific discovery requests and stated that he would withhold documents based on privilege.[7] On the same day, AMc filed this motion to compel. AMc did not give Stinchfield time to produce a privilege log or serve his supplemental answers as Stinchfield stated he would during the meet and confer.[8]

---

[2] Asher Stockler NRATV Creator Threatens 'Legal Action' Against Former Host Over 'Fabrications' Newsweek December 12, 2019.
[3] *See* ECF 18-19.
[4] Exhibit A.
[5] Exhibit B.
[6] Exhibit C.
[7] Exhibit D.
[8] *Id*.

On September 28, 2020, Stinchfield served AMc with his supplemental answers to AMc's Interrogatory number 11 and Request for Production number 4, [9] which fully resolved any issues pertaining to these specific discovery requests.

Stinchfield withheld documents based on the proper assertion of the work product and common interest privileges. Therefore, Stinchfield asks this Court to deny AMc's Motion to Compel and award Stinchfield his reasonable attorneys' fees in connection with this motion.

## II.

## LEGAL STANDARD

Like all privileges, the burden is on the party who seeks work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial.[10] When the privilege is challenged, the proponent looking to withhold information must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the documents constitute work product.[11]  If a party meets its burden and proves that the materials sought warrant work product protection, the party seeking discovery must prove why those materials should still be produced."[12]  Rule 26(b)(3) instructs the court to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."[13]

The common interest privilege extends the attorney-client privilege to any third party made privy to privileged communications if that party "has a common legal interest with respect to the

---

[9] Exhibit E.
[10] Zenith Insurance Company v. Texas Institute for Surgery, L.L.P., 328 F.R.D. 153, 162 (N.D. Tex 2018).
[11] *Id*.
[12] *S.E.C. v. Brady*, 238 F.R.D. 429, 443 (N.D. Tex. 2006).
[13] FED. R. CIV. P. 26(b)(3)(B). Federal Rule of Civil Procedure 37(a)(5)(B) further provides that, "[i]f the motion is denied, the court after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."

subject matter of the communication."[14] The common interest privilege encompasses shared communications to the extent that they concern common issues and are intended to facilitate representation in possible subsequent proceedings.[15]

### III.

### ARGUMENTS AND AUTHORITIES

AMc filed this motion to compel Stinchfield to produce documents responsive to requests for production numbers 2-4, 17-19, and to compel Stinchfield to answer Interrogatory Number 11. Stinchfield produced all non-privileged material in response to those Requests. Stinchfield withheld only information that is privileged. Additionally, Stinchfield supplied supplemental answers that adequately responded to AMc's Interrogatory Number 11 and AMc's Request for Production Number 4. Thus, the court should deny AMc's motion to compel and award Stinchfield his reasonable and necessary attorneys' fees incurred in defending himself against AMc's Motion to Compel.

**A. The Information Responsive To AMc's Request For Production No. 2, Is Privileged.**

AMc seeks drafts of Stinchfield's affidavit, which were prepared during an ongoing litigation between the NRA and AMc. Stinchfield properly objected to this request--and withheld documents responsive to it--because the information is protected by the work product privilege. AMc's challenge to Stinchfield's assertion of privilege is meritless.

Courts within this circuit hold that after a party properly establishes the work product privilege, the party that seeks discovery bears the burden to demonstrate waiver of work product.[16] In general, there are three distinct grounds on which a party may be entitled to the production of

---

[14] *In re LTV Securities Litigation*, 89 F.R.D. 595, 604 (N.D.Tex.1981).
[15] *Id*.
[16] See *In re Grand Jury Proceedings*, 43 F.3d 966, 970 (5th Cir. 1994) (citing *Hickman v. Taylor*, 329 U.S. 495, 512, (1947)).

4

work product: (1) disclosure to a third party, (2) where the party asserting the work product places the material "at issue," and (3) "substantial need for the materials to prepare its case without undue hardship."[17] AMc failed to establish any of these three grounds to waive Stinchfield's work product privilege.

First, there has been no disclosure to the third party. In December of 2019 a few months after the NRA initiated a lawsuit against AMc in the Northern District of Texas, Stinchfield—a former host of NRA TV— approached Brewer with factual knowledge regarding AMc's operation.[18] After meeting with Brewer, Stinchfield supplied an affidavit to Brewer in connection with the NRA's litigation against AMc.[19] As the NRA's counsel, Brewer provided its mental impressions and opinions to Stinchfield's affidavit in preparation for the litigation against AMc.[20] The drafts were kept confidential and only circulated within Brewer.[21]

Second, AMc fails to establish that withholding these documents are placing the material at issue. To place work product at issue in litigation, courts hold that a party must "rely on" the work product "to prove its claims in the case."[22] Stinchfield does not intend to affirmatively rely on privileged communications to support its claim or defense.[23] Instead, Stinchfield argues that

---

[17] *See* FED. R. CIV. P. 26(b)(3). *See, e.g., In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018).

[18] Exhibit F.

[19] *Id*.

[20] *See* Exhibit G. (Brewer's Partner Sarah Rogers states, "I reviewed the text of the proposed affidavit and formulated some suggested revisions, which I transmitted to other BAC attorneys by email the same day. My revisions were substantive (not focused on grammar or formatting), and reflected my mental impressions, legal theories, and litigation-strategy outlook with respect to both the NRA-Ackerman Lawsuits and several Other NRA Matters. At the time I formulated and transmitted these revisions to other attorneys within my firm, I expected them to be shared only with one individual apart from BAC and the NRA: Stinchfield. His review was necessary to ensure that the affidavit remained accurate and reflected his desired testimony. Otherwise, I expected the draft to be maintained in strictest confidence.")

[21] *Id*.

[22] *See Doe 1 v Baylor University*, CV-228-RP-AWA 6:17-CV-236-RP-AWA, 2020 WL 2850232, at * 7 (W.D.Tex. Jun 2m 2020).

[23] *Id*.

AMc's claims against him are barred by the ligation privilege doctrine and that his testimony is true.

Third, AMc has not proven that there is a substantial need for the drafts of Stinchfield's affidavit. Because of the nature of AMc's claims for defamation and business disparagement, AMc fails to establish that without these drafts they will be unable to prepare its claims.[24] There is not a substantial need for the drafts of Stinchfield's affidavit nor is AMc injured in anyway if they do not receive the drafts.[25]

Therefore, AMc's request to compel Stinchfield to produce documents responsive to request for production number 2 should be denied.

**B. The Information Responsive To AMc's Request For Production No 3, Which Seeks All Documents And Communications Exchanged Between Stinchfield And Brewer Concerning Stinchfield's Affidavit That Pre-Date Stinchfield's Retention Of Brewer As Counsel In This Matter, Should Be Withheld.**

AMc's request for production number 3 is protected by the common interest privilege. Stinchfield and the NRA share a common issue, which pertain to the AMc's operation: NRA TV's viewership numbers were distorted, and as a result both Stinchfield and the NRA suffered injury.

In *Aiken v. Texas Farm Bureau Mutual Insurance Co.,* the court explained that: "common interest privilege encompasses shared communications between various co-defendants, actual or potential, and their attorneys, prompted by *threatened* or actual, civil or criminal proceedings, to the extent that they concern common issues and are intended to facilitate representation in possible subsequent proceedings, or whenever the communication was made in order to facilitate the rendition of legal services to each of the clients involved in the conference."[26]

---

[24] FED. R. CIV. P. 26(b)(3)(A)(ii).
[25] *See In re International Systems and Controls Corp. Securities Litigation*, 693, F.2d 1235, 1241 (5th Cir. 1982).
[26] *Aiken v. Texas Farm Bureau Mutual Insurance Co.,* 151 F.R.D. 621, 623 (E.D.Tex.1993),

Here, when Stinchfield—as a former employee of AMc—approached Brewer as a witness, he supplied factual testimony in connection with NRA's dispute against AMc.[27] Both Stinchfield and the NRA had common issues with AMc regarding its distorted NRATV viewership numbers.[28] Although he felt an obligation to the NRA to reveal his knowledge by supplying an affidavit, Stinchfield believed an imminent lawsuit by AMc would be filed against him.[29] Only eight days after AMc received Stinchfield's affidavit with the NRA's Second Set of Request for Admissions, AMc filed this lawsuit.

From the outset, the NRA and Stinchfield shared common issues and interests: establishing that AMc had deceived the NRA and provided distorted NRA TV viewership analytics, and the information shared was intended to facilitate representation in possible subsequent proceedings.[30]

Therefore, AMc's request to compel Stinchfield to produce documents responsive to request for production number three should be denied.

### C. AMc's Request That Seeks Material Responsive To Request For Production Number 4 Has Been Satisfied.

On September 28, 2020, Stinchfield supplied AMc with his supplemental answers that properly and adequately answered AMc's Request for Production number 4. Stinchfield does not have any documents in his possession responsive to this request. Thus, the court should deny AMc's request to compel Stinchfield to answer AMc's Request for Production number 4.

---

[27] *See* Exhibit F.
[28] *Id*.
[29] *Id*.
[30] *In re LTV Securities Litigation*, 89 F.R.D. 595, 604 (N.D.Tex.1981).

D. **The Information Responsive To AMc's Requests For Production 17-19, Which Seeks Stinchfield's Personal Tax And Financial Information, Should Be Withheld Because Amc Has Not Met Its Burden To Establish That Stinchfield's Tax Returns And Financial Information Are Discoverable In This Matter.**

Numerous courts have held that because tax returns are "highly sensitive documents," their discovery requires that the requesting party demonstrate both: (1) that the requested tax information is "relevant' to the subject matter of the action; and (2) that there is a "compelling need" for the information because the information contained in the tax returns is not "otherwise readily obtainable" through alternative forms of discovery such as depositions or sworn interrogatory answers.[31]

Here, AMc has not provided a compelling need for Stinchfield's highly sensitive documents. In order to demonstrate a compelling need for the disclosure of tax returns, a party must show that it has attempted to obtain the requested information through the use of less intrusive forms of discovery,[32] and AMc has failed to do so. Further, AMc has not cited to any case law that explains to the court its compelling need for Stinchfield's personal financial information. Instead AMc has sent one request for production and now has filed the motion to compel.

Therefore, AMc's request to compel requests for production numbers 17-19 should be denied.

---

[31] See, e.g., *Butler v. ExxonMobil Ref. & Supply Co.*, No. Civ.A 07-386-C-M2, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) (citing *National Gas Pipeline Co. of Am.*, 2 F.3d 1397, 1411 (5th Cir. 1993)); *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02-cv-00146, 2004 WL 444570 at *2 (M.D.N.C. Feb. 24, 2004); *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

[32] *Butler,* 2008 U.S. Dist. LEXIS 66091, 2008 WL 4059867 at * 11–12; *Carmody,* 2007 U.S. Dist. LEXIS 50933, 2007 WL 2042807 at * 8–9; *Trudeau et al. v. New York State Consumer Protection Board et al.,* 237 F.R.D. 325, 332 (N.D.N.Y.2006).

**E.  Amc's Request That Seeks Information Responsive To Interrogatory Number 11 Has Been Satisfied.**

On September 28, 2020, Stinchfield supplied AMc with his supplemental answers that properly and adequately answered AMc's Interrogatory number 11. Thus, the court should deny AMc's request to compel Stinchfield to answer AMc's Interrogatory number 11.

## IV.
## CONCLUSION.

Therefore, this Court should deny AMc's motion to compel, and award Stinchfield its reasonable and necessary attorneys' fees incurred in defending himself against AMc's Motion to Compel.

October 13, 2020     Respectfully submitted,

**BREWER STOREFRONT, PLLC**

By: */s/ Ian Shaw*_____
   Ian Shaw
   State Bar No. 24117041
   ins@brewerattorneys.com
   1717 Main Street
   Suite 5900
   Dallas, Texas 75201
   Telephone: (214) 653-4000
   Facsimile: (214) 653-1015

   **ATTORNEYS FOR DEFENDANT
   GRANT STINCHFIELD**

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing document was electronically served via the Court's electronic case filing system upon all counsel on this record on this 13th day of October 2020.

       */s/ Ian Shaw*_____
       Ian Shaw

10